**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| LISA SHARDON and § <br> ANGELO DEFILIPPO, § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> WELLS FARGO BANK, N.A. TRUSTEE § <br> FOR CARRINGTON MORTGAGE § <br> LOAN TRUST, SERIES 2007-FREI § <br> ASSET BACKED PASS-THROUGH § <br> CERTIFICATES and JPMORGAN § <br> CHASE BANK, N.A. § <br>     Defendants. § | CIVIL ACTION NO. |

## NOTICE OF REMOVAL

Notice is hereby given that pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant JPMorgan Chase Bank, N.A. ("Chase") removes this action from the 95th Judicial district Court of Dallas County, Texas to the United States Court for the Northern District of Texas, Dallas Division, as follows:

### I.   STATE COURT ACTION

1. On February 25, 2014 Plaintiffs Lisa Shardon and Angelo DeFilippo ("Plaintiffs") filed their Original Petition (the "Petition") in the 95th Judicial District Court of Dallas County, Texas in an action styled: *Lisa Shardon and Angelo DeFilippo v. Wells Fargo Bank, N.A. as trustee for Carrington Mortgage Loan Trust, Series 2007-FREI Asset Backed Pass through Certificates and JPMorgan Chase Bank, N.A.,* Cause No. DC-14-01922 (the "State Court Action").

2. Plaintiffs make various claims about the servicing of their mortgage loan in the State Court Action. Plaintiffs assert causes of action under the Fair Debt Collection Practices Act, the Real Estate Settlement Procedure Act, the Truth in Lending Act, the Texas Debt Collection Act, and for breach of contract, fraud, and tortious interference with contractual relations.

## II.   PROCEDURAL REQUIREMENTS

3. This action is properly removed to this Court, as the State Court Action is pending within this district and division. See 28 U.S.C. § 1441; 28 U.S.C. § 124(a)(1).

4. The United States District Court for the Northern District of Texas, Dallas Division has jurisdiction over this action based on federal question jurisdiction. 28 U.S.C. § 1331.

5. Pursuant to 28 U.S.C. § 1446(a) and Northern District of Texas Local rule 81.1, this Notice of Removal is accompanied by copies of the following materials:

Exhibit A:   Civil cover sheet; Supplemental Civil Cover Sheet;

Exhibit B:   A copy of the state court summary sheet;

Exhibit C:   Index of documents filed in State Court Action;

Exhibit C-1:   Plaintiff's Original Petition;

Exhibit C-2:   Civil Case Information Sheet;

Exhibit C-3:   Citation Return for Wells Fargo Bank, N.A., Trustee;

Exhibit C-4:   Citation Return for JPMorgan Chase Bank, N.A;

Exhibit C-5:   Original Answer for Wells Fargo, N.A., Trustee;

Exhibit C-6:   Original Answer for JPMorgan Chase, N.A.

6.     Simultaneously with the filing of this Notice of Removal, Chase is filing a copy of the Notice of Removal in the 95th Judicial District Court of Dallas County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.   FEDERAL QUESTION JURISDICTION EXISTS

7.     Plaintiffs seek recovery under the laws of the United States, specifically: the Fair Debt Collection Practices Act, which is codified at 15 U.S.C. § 1692 *et seq.*; the Real Estate Settlement Procedure Act, which is codified at 12 U.S.C. § 2601 *et seq.*; and the Truth in Lending Act, which is codified at 15 U.S.C. § 1601 *et seq*. This Court has original jurisdiction of all civil actions arising under the laws of the United States. *See,* 28 U.S.C. § 1331. Therefore, this Court has jurisdiction over this case. *See,* 28 U.S.C. 1441.

### IV.   DIVERSITY OF CITIZENSHIP

8.     A case may be removed to federal court if it could have been brought in federal court originally. *See,* 28 U.S.C. § 1441. Lawsuits between citizens of different states in which the amount in controversy exceeds $75,000 may be brought in federal court. *See,* 28 U.S.C. § 1332. Removal is proper in this case because there is complete diversity between the parties and the alleged amount in controversy exceeds $75,000.00.

#### A. THERE IS COMPLETE DIVERSITY AMONG THE PARTIES

9.     Plaintiffs are natural persons who allege their residence as the real property at 5015 W. Hanover Avenue, Dallas, Texas 75209 (the "Property"), and thus are citizens of Texas. *See,* Pet. at ¶¶ 3; *see also, Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, *3 (N.D. Tex. Feb.

25, 2009) (citing *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985) for the proposition that "[a] natural person is considered a citizen of the state where that person is domiciled").

10. Defendant Chase is a national banking association chartered under the laws of the United States with its main office in Ohio. Chase is therefore a citizen of Ohio for diversity purposes. *See,* 28 U.S.C. § 1348.

11. The main office of Defendant Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates ("Wells Fargo, Trustee") (Wells Fargo, Trustee is slightly misnamed in the case caption) is in South Dakota such that, for diversity purposes, Wells Fargo, Trustee is a citizen of South Dakota and consents to/joins in this removal.

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

12. Diversity removal entails an amount in controversy exceeding $75,000.00. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

13. Plaintiffs seek injunctive relief enjoining Defendants from proceeding with a foreclosure sale of the Property. *See*, Pet. at § VIII, ¶ c. Where injunctive relief is sought, the amount in controversy for jurisdictional purposes may be measured by the value of the object of the litigation and the right that the plaintiff seeks to protect, or the extent of the injury to be prevented. *See*, *Martinez v. BAC Home Loans Servicing*, No. SA–09–CA–951–FB, 2010 WL 6511713, at *4 (W.D. Tex. Sept. 24, 2010) (citing *Hunt v. Washington State Apple Adv. Comm'n*,

432 U.S. 333, 347 (1977); *Seaboard Fin. Co. v. Martin*, 244 F.2d 329, 331 (5th Cir. 1957); *Burks v. Texaco*, 211 F.2d 443, 445 (5th Cir. 1954)).

14. According to the Dallas Central Appraisal District, the 2013 Certified Value for the Property was $688,960. Consequently, the tax appraised value of the Property exceeds the $75,000 jurisdictionally required amount. *See*, 28 U.S.C. § 1332(a).

15. Based on the value of Plaintiffs' request for injunctive relief regarding a property tax valued in excess of $75,000, it is facially apparent that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. Therefore, and because there is complete diversity between the opposing parties, this also Court has diversity jurisdiction over this case.

## V.    CONCLUSION

Wherefore, Chase removes this action from the 95th Judicial District Court of Dallas County, to the United States District Court for the Northern District of Texas, Dallas Division, so that this Court may assume jurisdiction over this cause as provided by law.

Respectfully submitted,
**BUCKLEY MADOLE, P.C.**

/s/ Luke Madole
Luke Madole, SBN: 12801800
Luke.Madole@BuckleyMadole.com
Michael J. Burns, SBN: 24054447
Michael.Burns@BuckleyMadole.com
Sammy P. Hooda, SBN: 24064032
Sammy.Hooda@BuckleyMadole.com
14841 Dallas Pkwy., Suite 425
Dallas, Texas 75254
(972) 643-6600
(972) 643-6699 (Fax)
*Counsel for JPMorgan Chase Bank, N.A. and Wells Fargo Bank National Association, as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates*

## CERTIFICATE OF SERVICE

I hereby certify that I submitted the foregoing to the clerk of the United States District Court, Northern District of Texas using the electronic case filing system of the Court, and that I served all counsel of record listed below in accordance with Federal Rule of Civil Procedure 5(b)(2)

**Theodore O. Bartholow, III**
**Armstrong Kellett Bartholow PLLC**
**11300 N. Central Expy., Ste. 301**
**Dallas, Texas 75243**
*Attorneys for Plaintiffs*

/s/ Luke Madole
Luke Madole